FILED
DES MOINES, IO

02 NOV 12 PM 1:

CLERK U.S. DISTRICT
SOUTHERN DISTRICT (

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| NORTHERN NATURAL GAS COMPANY AND NORTHERN BORDER PIPELINE COMPANY, | ) ) ) ) | **CIVIL ACTION** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **NO. 4:01-CV-70473** |
| IOWA UTILITIES BOARD, UTILITIES DIVISION, DEPARTMENT OF COMMERCE, and ALLAN T. THOMS, DIANE MUNNS, and MARK O. LAMBERT, individually in their official capacity as Board members, | ) ) ) ) ) ) ) ) | **BRIEF IN SUPPORT OF DEFENDANT BOARD MEMBERS' MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | ) ) ) | |

### Table of Contents

**Page**

**Summary Judgment Should Be Granted In This Case** ...........................................2

**Iowa Code ch. 479A And The Iowa Land Restoration Rules Are Not Preempted By Federal Law** ................................................................................2

    *1. The Natural Gas Pipeline Safety Act and the U.S. Department of Transportation Rules Promulgated Thereunder* ................................3
    *2. The Natural Gas Act* ................................................................................4
    *3. The Natural Gas Policy Act* ....................................................................5
    *4. The National Environmental Protection Act* ..........................................5
    *5. The Federal Energy Regulatory Commission Rules* ..............................6

**Iowa Code Chapter 479A And The Iowa Agricultural Land Restoration Rules Do Not Impair Plaintiffs' Rights Under Existing Contracts And Easements** ..............7

    *1. The Iowa law does not substantially impair Plaintiffs' easements* ..............7
    *2. If substantial impairment exists, it is justified* ...........................................10

**Conclusion** ...............................................................................................11



Pursuant to Federal Rule of Civil Procedure 56(b), the Defendants Allan T. Thoms, Diane Munns, and Mark O. Lambert, individually in their official capacity as members of the Iowa Utilities Board (the Board), have moved for summary judgment in favor of Defendants as to all claims made by Plaintiffs Northern Natural Gas Company and Northern Border Pipeline Company. This brief is filed in support of that motion.

## Summary Judgment Should Be Granted In This Case

Defendants' motion for summary judgment should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U. S. 317, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). There are no genuine issues regarding Defendants' statement of material facts and the Defendants are entitled to judgment as a matter of law, as discussed below.

## Iowa Code ch. 479A And The Iowa Land Restoration Rules Are Not Preempted By Federal Law

Iowa Code chapter 479A and the agricultural land restoration rules adopted by the Board pursuant to that statute, identified as 199 IAC chapters 9 and 12 (the statute and the rules are collectively referred to hereinafter as "the Iowa laws") are not preempted by the federal laws identified in the Plaintiff's Complaint[1]. The federal statutes and regulations may preempt state laws that are designed to regulate the same subject matter

---

[1] In their Complaint, Plaintiffs allege preemption by the Natural Gas Act, 15 U.S.C. §§ 717-717w; the Natural Gas Pipeline Act, 15 U.S.C. §§ 3301-3432; the National Environmental Policy Act, 42 U.S.C. §§ 4321-4370a; the rules promulgated by the Federal Energy Regulatory Commission pursuant to those statutes, specifically 18 C.F.R. Parts 154, 157, 284, and 380; and the Natural Gas Pipeline Safety Act and Hazardous Liquids Pipeline Safety Act, now identified as 49 U.S.C. §§ 60101-60128, and the U.S.

as the federal statutes and regulations, but they do not preempt state laws that regulate
distinct activities and do not conflict with federal law.  California Coastal Commission v.
Granite Rock Co., 480 U.S. 572, 107 S.Ct. 1419, 1427-29, 94 L.Ed.2d 577 (1987);
Pacific Gas and Electric Co. v. State Energy Resources Conservation & Development
Comm'n, 461 U.S. 190, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983).  The subject matter of
the Iowa laws concerns only one narrow part of the environmental impact of pipeline
construction.  Most of the federal laws relied upon by Plaintiffs do not regulate the same
subject matter at all, and there is no conflict between any of the federal laws relied upon
by Plaintiffs and the Iowa laws, so the Iowa laws are not preempted.  Each of the federal
laws will be examined individually to demonstrate either that they regulate activities that
are distinct from the activities regulated by the Iowa laws or that there is no conflict
between the federal law and the Iowa laws.

> *1. The Natural Gas Pipeline Safety Act and the U.S. Department of
> Transportation Rules promulgated thereunder*

The Natural Gas Pipeline Safety Act and the Hazardous Liquids Pipeline Safety
Act, now consolidated and renumbered as 49 U.S.C. §§ 60101-60128, address safety
issues relating to interstate pipeline construction, operation, and maintenance.  Neither of
these statutes specifically preempts state regulations concerning the environmental
impact of pipeline construction.  ANR Pipeline Co. v. Iowa State Commerce Comm'n,
828 F.2d 465, 473 (8th Cir. 1987).  Moreover, these federal statutes do not conflict with
the Iowa laws in any way; the state's land restoration rules do not touch upon the safety

---

Department of Transportation rules promulgated pursuant to those statutes, specifically 49 C.F.R. Parts
190-199.  Collectively, these statutes and rules will be referred to hereinafter as "the federal laws."

issues regulated by these statutes. The purpose of the Board's rules is expressly limited to land restoration standards, not pipeline safety standards. (App. 048.) Thus, the Natural Gas Pipeline Safety Act and Hazardous Liquids Pipeline Safety Act do not preempt Iowa Code ch. 479A or the Board's agricultural land restoration rules.

The U.S. Department of Transportation has promulgated rules pursuant to these federal statutes, found at 49 C.F.R. Parts 190-199, that are also concerned solely with pipeline safety issues and therefore do not preempt the state's regulation of agricultural land restoration.

### 2. The Natural Gas Act

The Natural Gas Act, 15 U.S.C. §§ 717-717w, relates to the business of transporting and selling natural gas in interstate and foreign commerce. The Natural Gas Act does not specifically preempt Iowa's regulation of agricultural land restoration during and after pipeline construction, see ANR Pipeline, 828 F.2d at 473. The Natural Gas Act is primarily concerned with the export and import of natural gas (§ 717b), the rates and charges applicable to transportation and sale of natural gas in interstate commerce (§§ 717c-717e, 717g-i), and determining whether extension or improvement of natural gas transportation facilities is desirable in the public interest (§ 717f). Iowa's regulation of agricultural land restoration is distinct from federal regulation of interstate gas rate issues and a determination of whether new pipelines are necessary.

Moreover, the Iowa laws do not conflict with the Natural Gas Act. Because the federal statute and the Iowa laws are addressed to entirely different issues, there can be no conflict. In the absence of any conflict, Iowa is not preempted from regulation of

activities that are distinct from the activities regulated by the Natural Gas Act. California Coastal, supra.

### 3. The Natural Gas Policy Act

The Natural Gas Policy Act, 42 U.S.C. §§ 3301-3342, is concerned with natural gas production and natural gas supply. It does not expressly preempt the Iowa laws. ANR, 828 F.2d at 473. The subject matter of this federal statute is distinct from the Iowa statute and rules that Plaintiffs are challenging, so the Natural Gas Policy Act does not "occupy the field" of agricultural land restoration. Finally, there is no conflict between the Natural Gas Policy Act and the Iowa laws, because they are addressed to distinct aspects of pipeline construction. Thus, the Iowa laws are not preempted. California Coastal, supra.

### 4. The National Environmental Protection Act

The National Environmental Protection Act, 42 U.S.C. §§ 4321-4370a, is concerned with environmental protection issues, but does not preempt the Iowa statute and rules that Plaintiffs are challenging. Instead, the federal statute contemplates state activities and regulations in addition to federal activities, see 42 U.S.C. § 4332(G), requiring that federal agencies make available to the States "advice and information useful in restoring, maintaining, and enhancing the quality of the environment." This federal obligation is the very opposite of preemption; it requires that the federal government enhance the ability of the states to exercise their own discretion regarding environmental matters.

### 5. The Federal Energy Regulatory Commission Rules

Finally, the Plaintiffs have alleged that certain rules adopted by the Federal Energy Regulatory Commission (FERC), specifically 18 C.F.R. Parts 154, 157, 284, and 380, preempt the Iowa laws. However, as the Eighth Circuit noted in the ANR decision, "although there are a significant number of federal environmental regulations applicable to gas pipelines under the [Natural Gas Act], *see, e.g.,* 18 C.F.R. §§ 157.14(a)(6-d); 157.206(d); Part 157, Subpart F, Appendix I (1987), certain sections of the regulations appear to anticipate such state regulation, *see, e.g.,* 18 C.F.R. Part 2, Appendix B, paras. 9.2, 9.3 (1987)." 828 F.2d at 473, n. 8. The federal environmental regulations do not occupy the field of permissible environmental regulation of underground pipeline construction; instead, the federal regulations contemplate additional state regulation addressed to the particular concerns of individual states, such as Iowa's concern with preserving its valuable, and irreplaceable, agricultural topsoil.

Thus, the federal statutes and regulations relied upon by Plaintiffs do not preempt Iowa Code chapter 479A and the agricultural land restoration rules the Board adopted pursuant to that statute. While the federal statutes and regulations may preempt state regulation of certain activities in the field of pipeline construction, such as safety regulation, the federal statutes and regulations do not preempt Iowa's regulation of agricultural land restoration activities.

### Iowa Code Chapter 479A And The Iowa Agricultural Land Restoration Rules Do Not Impair Plaintiffs' Rights Under Existing Contracts And Easements

Plaintiffs allege that Iowa Code chapter 479A and 199 Iowa Admin. Code chapters 9 and 12 have impaired the Plaintiffs' pre-existing agreements and easements with landowners and are therefore unconstitutional by reason of the Contract Clause of

the U.S. Constitution.  However, the Board's land restoration rules allow pipeline easements to contain provisions other than the requirements of chapter 9 or the pipeline's land restoration plan if those alternative provisions are contained in a written easement or other agreement independently executed by the pipeline company and the landowner. Each of the sample contracts provided by Plaintiffs in response to discovery qualifies under this provision, with minor or insubstantial exceptions, so Plaintiffs' pre-existing contracts and easements are not substantially impaired by the Iowa statute or rules. Moreover, to the extent there is any impairment, the Iowa statute and rules are justified by legitimate government interests and the impairments are reasonable conditions of a character appropriate to the public purpose justifying adoption of the statute and rules. Koster v. City of Davenport, 183 F.3d 762, 766 (8th Cir. 1999).  As such, the Iowa statute and rules do not violate the Contracts Clause.

>    *1. The Iowa law and Board regulations do not substantially impair Plaintiffs' easements.*

The Contracts Clause, Art I, § 10, cl. 1 of the Constitution, is phrased in absolute terms but is not interpreted in that way.  Instead, a three-part analysis is initially applied to determine whether a state law actually impairs a contractual relationship.  The first question is whether a contractual relationship exists, the second is whether the state law impairs the contractual relationship, and the third question is whether the impairment is substantial.  Koster, 183 F.3d at 766.  In this case, a contractual relationship exists, but any state law impairment of that relationship is almost non-existent, and is not substantial.

Plaintiffs assume a heavy burden when claiming impairment in this case.  The pipeline industry is one that is traditionally subject to especially close government regulation.  As a result, Plaintiffs must expect that their contractual rights may be altered by government action, and their remedy lies in the Due Process clause and rate relief, rather than the Contracts Clause.  "Generally, the more heavily regulated the industry, the less reasonable it is to expect that contractual relationships will not be altered by legislation."  Koster, 183 F.3d at 767.  As a matter of law, Plaintiffs cannot meet the burden they have shouldered.

The Board's agricultural land restoration rules do not impair Plaintiffs' existing contract rights at all.  The provisions of Iowa Code § 479A.14(10) and 199 IAC 9.6 permit application of provisions for protecting or restoring property other than the provisions of the Board's rules or the pipeline's land restoration plan if those alternative provisions are contained in an easement or other agreement independently executed by the pipeline company and the landowner.  (App.063.)  Each of the contracts relied upon by Plaintiff in support of its impairment claim would qualify under this provision, as far as the Board's rules are concerned.  (App.082-083.)

There are two areas of possible conflict between the Iowa law and regulations and the Plaintiffs' easements:  Reversion on nonuse and excluded damage claims.  (App. 081-082.)  Neither of these possible impairments is substantial.

One of the Plaintiffs' easements, identified as Contract 0019 during discovery (App. 087), purports to be a perpetual easement.  This is potentially inconsistent with Iowa Code § 479A.27, which allows reversion of a pipeline easement to the landowner in

the event the pipeline is abandoned. This impairment, if it is one, is not substantial; it is not even likely to occur. The conflict between the easement and the statute would come into play only if the Plaintiffs first received approval from the Federal Energy Regulatory Commission to abandon their existing pipeline rights, and even then only after Plaintiffs receive notice and an opportunity to contest the reversion. If all of these steps are completed and the easement is forfeited, the Plaintiffs would no longer have any reasonable expectation of economic benefit from their easement rights because the pipeline would no longer be in operation. Only if the Plaintiffs first receive FERC approval to abandon a pipeline, then decide to reconstruct it along the same route, would their rights be affected at all, and there is no allegation that any such course of action has any reasonable likelihood of occurring. Moreover, any such impairment would be contingent upon receiving a new certificate from FERC and all other necessary approvals. Thus, any impairment resulting from § 479A.27 is, at best, hypothetical and clearly is not substantial.

The second area of possible impairment involves crop damages. Some of the contracts may exclude some forms of damage claims contemplated by Iowa Code Chapter 479A. For example, some contracts exclude vegetation damages other than damage caused to crops. To the extent this would permit removal of trees of commercial or other value without compensation, this is potentially inconsistent with Iowa Code § 479A.24(1)"d." Assuming, for purposes of this motion only, that this is an impairment, it is not a substantial one. There are various factors to consider when determining whether an impairment is a substantial one, including whether the impaired term is

central to the contract, whether the impairment disrupts the settled expectations of the parties, and whether the parties have reasonably relied upon the impaired right. <u>Koster</u>, 183 F.3d at 767. Here, paying damages for removal of commercially-valuable trees is not central to the operation and maintenance of an existing pipeline; paying for removed trees does not disrupt the Plaintiffs' settled expectations; and the Plaintiffs have not alleged any reasonable reliance on the allegedly-impaired right. Any impairment resulting from the statutory requirement that Plaintiffs pay for any valuable trees they may remove is not substantial, if it exists at all.

### 2. If substantial impairment exists, it is justified

Even if a substantial impairment were found to exist, the state law survives if the impairment is justified by legitimate public purposes and the degree of impairment is appropriate to the public purpose. <u>Koster</u>, 183 F.3d at 766. In this case, the Iowa statute was adopted with the purpose of preventing environmental damage that may otherwise result from the construction, operation, or maintenance of a pipeline (Iowa Code § 479A.1), while the Board's rules were adopted with the purpose of preserving Iowa's agricultural topsoil, a more specialized environmental concern. (App. 048.) The burden is on the challenging party to demonstrate that these legitimate government interests do not justify any impairment that may result, <u>Allied Structural Steel Co. v. Spannaus</u>, 438 U.S. 234, 244, 98 S.Ct. 2716, 2722, 57 L.Ed.2d 727 (1978). Here, Plaintiffs' amended complaint is silent regarding any allegation as to why the State's legitimate government interest in the environment in general, and agricultural topsoil in particular, does not justify any minor contract impairment that may exist. In the absence of sufficient

allegations in the amended complaint, summary judgment is appropriate, <u>Quality</u>

<u>Refrigerated Services, Inc., v. City of Spencer</u>, 908 F.Supp. 1471, 1493 (N.D. Iowa

1995).

## Conclusion

Plaintiffs' claim that Iowa Code chapter 479A and 199 Iowa Admin. Code

chapters 9 and 12 are preempted by federal law is incorrect.  While the federal laws relied

upon by Plaintiffs may have preemptive effect with regard to certain state activities, the

challenged state laws regulate distinct activities that are not preempted and are therefore

permissible.  Plaintiffs' claim that the Board's rules represent an unconstitutional

impairment of their existing pipeline easements is also incorrect, as the undisputed facts

reveal no material, unjustified impairment.  Defendants are entitled to summary judgment

upon the entire case, as no genuine issue exists as to any material fact and Defendants are

entitled to judgment as a matter of law.

Respectfully submitted,

*David J. Lynch* a.k.

David J. Lynch
Deputy General Counsel
515-281-822
515-281-5081 (fax)
david.lynch@iub.state.ia.us
Iowa Utilities Board
350 Maple Street
Des Moines, Iowa  50319-0069

ATTORNEY FOR DEFENDANTS
ALLAN T. THOMS, DIANE C. MUNNS,
AND MARK O. LAMBERT,
INDIVIDUALLY IN THEIR OFFICIAL
CAPACITY AS MEMBERS OF THE
IOWA UTILITIES BOARD

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the document attached to this

Certificate was mailed to the persons listed below at the addresses indicated, stamped

with the appropriate postage for ordinary mail and deposited on the 12th day of

November, 2002, in a United States Post Office mail receptacle, in Des Moines, Iowa.

> Philip E. Stoffregen
> Helen C. Adams
> Bret A. Dublinske
> of
> DICKINSON, MACKAMAN, TYLER & HAGEN, P.C.
> 1600 Hub Tower, 699 Walnut Street
> Des Moines, Iowa  50309-3986
> Fax:  515-246-4550

David J. Lynch
Deputy General Counsel