FILED
DES MOINES, IOWA
02 NOV 12 PM 1:03

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
SOUTHERN DIVISION

| | |
|---|---|
| NORTHERN NATURAL GAS COMPANY AND NORTHERN BORDER PIPELINE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>IOWA UTILITIES BOARD, UTILITIES DIVISION, DEPARTMENT OF COMMERCE, and ALLAN T. THOMS, DIANE MUNNS, and MARK O. LAMBERT, individually in their official capacity as Board members,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 4:01-CV-70473<br><br>STATEMENT OF MATERIAL FACTS NOT IN DISPUTE, FILED IN SUPPORT OF DEFENDANT BOARD MEMBERS' MOTION FOR SUMMARY JUDGMENT |

COMES NOW the Defendants Allan T. Thoms, Diane Munns, and Mark O. Lambert, individually in their capacity as members of the Iowa Utilities Board, and in support of Defendants' motion for summary judgment offer the following statement of material facts not in dispute.

1.  On September 8, 1987, the United States Court of Appeals for the Eighth Circuit issued its decision in <u>ANR Pipeline Co. v. Iowa State Commerce Comm'n</u>, 828 F.2d 465 (8th Cir. 1987), holding the Natural Gas Pipeline Safety Act preempts Iowa code chapter 479A insofar as it attempted to regulate the safety of interstate natural gas pipelines. In that decision, the Court indicated that "regulations concerning the environmental impact of pipeline construction are not specifically preempted by the language of either the NGPSA or the NGA. Thus, Iowa may be able to enact legislation to protect its valuable topsoil and other aspects of the environment, and to provide

22.

private damage remedies, as long as the state regulations do not conflict with existing federal standards." 828 F.2d at 473 (footnote and citation omitted).

2.  Effective July 1, 1988, the Iowa General Assembly enacted a new Iowa Code chapter 479A, intended "to confer upon the utilities board the power and authority to implement certain controls over the transportation of natural gas to protect landowners and tenants from environmental or economic damages which may result from the construction, operations, or maintenance of a pipeline within the state." Iowa Code § 479A.1 (2001). The bill can be found at Acts 1988 (72 G.A.), chapter 1074.

3.  Iowa Code ch. 479A was subsequently amended in 1995, 1999, and 2000, see 95 Acts, 76 G.A., ch. 192; 99 Acts, 78 G.A., ch. 85; and 2000 Acts, 78 G.A., ch. 1080, respectively. The purpose of the statute, as quoted above, was not changed.

4.  In 1991, the Utilities Board adopted 199 IAC ch. 12, relating to interstate natural gas pipelines and underground natural gas storage facilities. Chapter 12 was amended in 1997. It requires that pipeline companies give the Board at least five business days' notice prior to initiating construction of an interstate natural gas pipeline (Rule 12.3); that pipeline companies maintain on file with the Board current and accurate maps of their pipeline facilities (Rule 12.4); that pipeline companies pay appropriate fees and expenses to the Board (Rule 12.5); that pipeline companies provide copies of pipeline incident reports to the Board whenever they are made to the U.S. Department of Transportation (Rule 12.6); and that pipeline companies comply with 199 IAC chapter 9 when constructing pipelines (Rule 12.7).

5.  Also in 1991, the Utilities Board adopted a new 199 IAC chapter 9. The rules of chapter 9 establish standards for the restoration of agricultural land during and after pipeline construction. (199 IAC 9.1(2).) Chapter 9 was amended in material

respects in 1997 and 2001. The rules currently require that a pipeline company file with the Board a land restoration plan describing the pipeline, the manner in which it will be constructed, the manner in which agricultural land restoration will take place, and providing contact information. (Rule 9.2, App. 050-052.) For interstate natural gas pipelines, the pipeline company has the option of filing a land restoration plan that consists of a draft environmental impact statement (EIS) or environmental assessment (EA) as filed with the Federal Energy Regulatory Commission (FERC). (Rule 9.3(2), App. 052-054.) The Board will issue a decision regarding the plan within 45 days of filing; if the application is based on a draft EIS or EA, the Board's approval may be conditioned upon the final action taken by FERC. (Id.) The plan must comply with the Board's rules of restoration of agricultural lands, found at 199 IAC rule 9.4 et seq. (App. 054-063).

6.     Rule 9.4 sets out a variety of agricultural land restoration procedures, including removal and segregation of up to 36 inches of topsoil (if a trench is opened to construct the pipeline), temporary and permanent repair of any underground drain tile that is encountered during pipeline construction, removal of excess rock and debris from the topsoil upon backfilling, and deep tilling to alleviate soil compaction caused by heavy construction equipment. These procedures are intended as the minimum land restoration standards for any pipeline construction project in Iowa. (Rule 9.1(2), App. 048.) However, Rule 9.6 allows the pipeline and a landowner to agree to other provisions for protecting or restoring property, if the other provisions are contained in easements or other written agreements and if the other provisions are not inconsistent with state law or the Board's rules. (App. 061.)

7. Each of the provisions described above has been accepted by interstate pipelines companies for use in connection with past pipeline construction projects in Iowa. (App. 067-079.)

8. The Board's rules were adopted in Iowa Utilities Board Docket No. RMU-99-10, which was initiated on September 15, 1999, by notice published in the Iowa Administrative Bulletin Vol. XXII, No. 7 (10/6/99), p. 573, as ARC 9400A. The Board received two rounds of written comments on the first proposed rules and held a workshop to receive oral comments. That proceeding was terminated on May 15, 2000, so that the Board could initiate a new proceeding and receive additional written and oral comments on a new set of proposed land restoration rules. (App. 002.) The Board then issued a new notice of intended action on May 19, 2000, which was published in IAB Vol. XXII, No. 25 (6/14/00), p. 1917, as ARC 9878A. The Board received additional written and oral comments and on January 10, 2001, issued its "Order Adopting Rules," rescinding the previous version of 199 IAC chapter 9 and replacing it with a new chapter 9. (App. 001.)

9. Plaintiffs Northern Natural Gas Company and Northern Border Pipeline Company were active participants in Docket No. RMU-99-10. Plaintiffs suggested several revisions to the proposed rules, intended to address certain issues; the Board adopted some of Plaintiffs' suggestions and addressed each of the issues raised by Plaintiffs. (App. 005-047.)

Respectfully submitted,

David J. Lynch
Deputy General Counsel

Iowa Utilities Board
350 Maple Street
Des Moines, Iowa  50319-0069

ATTORNEYS FOR DEFENDANTS
ALLAN T. THOMS, DIANE C. MUNNS,
AND MARK O. LAMBERT, INDIVIDUALLY
IN THEIR OFFICIAL CAPACITY AS
MEMBERS OF THE IOWA UTILITIES
BOARD

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the document attached to this Certificate was mailed to the persons listed below at the addresses indicated, stamped with the appropriate postage for ordinary mail and deposited on the 12th day of November, 2002, in a United States Post Office mail receptacle, in Des Moines, Iowa.

Philip E. Stoffregen
Helen C. Adams
Bret A. Dublinske
of
DICKINSON, MACKAMAN, TYLER & HAGEN, P.C.
1600 Hub Tower, 699 Walnut Street
Des Moines, Iowa 50309-3986
Fax: 515-246-4550

David J. Lynch
Deputy General Counsel