


IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| NORTHERN NATURAL GAS COMPANY and NORTHERN BORDER PIPELINE COMPANY, | ) ) ) ) ) | CIVIL ACTION<br><br>NO. 4:01-CV-70473 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | SECOND AMENDED AND SUBSTITUTED |
| DIANE MUNNS, MARK O. LAMBERT, and ELLIOTT SMITH Individually in their Official Capacity as Members of the Iowa Utilities Board, | ) ) ) ) ) | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| Defendants. | ) ) ) ) | |

The plaintiffs, Northern Natural Gas Company ("***Northern Natural***") and Northern Border Pipeline Company ("***Northern Border***"), for their amended complaint against the defendants, Iowa Utilities Board Members Diane Munns, Mark Lambert and Elliot Smith (collectively referred to as "***IUB***"), state:

## NATURE OF ACTION

1. Northern Natural and Northern Border bring this complaint seeking declaratory and injunctive relief against the enforcement of Iowa statutes and related IUB administrative rules purporting to authorize the IUB to supervise the construction, maintenance, and operation of interstate natural gas pipeline companies in Iowa by reason that such statutes and rules violate the



Supremacy Clause and the Contract Clause of the U. S. Constitution, and violate rights and protections provided to the plaintiffs pursuant to federal statutes and are thus unconstitutional and preempted by federal law.

### JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including but not limited to the Supremacy Clause, U.S. CONST. art. VI, cl. 2, the Contract Clause, U.S. CONST. art. I, cl. 1, and the Natural Gas Act, 15 U.S.C. §§ 717-717w, and also has jurisdiction under 28 U.S.C. § 1343 because the defendants have, under color of state law, deprived plaintiffs of rights under federal law.

3. This court is further authorized to issue a declaratory judgment under 28 U.S.C. §§ 2201-2202 and Fed.R.Civ.P. 57 and 65.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) because the claims that are the subject of this complaint arose in this district.

### PARTIES

5. Northern Natural, a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Omaha, Nebraska, is an interstate natural gas pipeline company that owns and operates a 17,000-mile interstate pipeline transmission system for the transportation of natural gas in interstate commerce primarily in the midwestern United States, including Iowa.

6. Northern Border, a Texas general partnership whose general partners are Northern Border Intermediate Limited Partnership and TC PipeLines Intermediate Limited Partnership (both

Delaware limited partnerships) and having its principal place of business located in Omaha, Nebraska, is an interstate natural gas pipeline company that owns and operates a 1,214-mile interstate pipeline system for the transportation of natural gas in interstate commerce from the Montana-Canada border to markets in the midwestern United States, including Iowa.

7. The IUB is an administrative agency of the State of Iowa existing under and by virtue of Iowa Code ch. 474 and specifically charged with the enforcement of Iowa Code ch. 479A.

8. Diane Munns is the Chairperson of the IUB and is a resident of the State of Iowa.

9. Mark Lambert is a Member of the IUB and is a resident of the State of Iowa.

10. Elliott Smith is a Member of the IUB and is a resident of the State of Iowa.

## GENERAL ALLEGATIONS

11. Iowa Code ch. 479A, entitled "Interstate Natural Gas Pipelines," purports to grant to the IUB the power to supervise the construction, maintenance, and operation of interstate natural gas pipelines in Iowa.

12. Chapter 479A purports to confer on the IUB the authority to inspect and approve construction and maintenance activities undertaken in Iowa by an interstate natural gas pipeline company.

13. Chapter 479A further purports to empower the IUB to establish standards applicable to the restoration of Iowa agricultural land during and after pipeline construction and maintenance activities undertaken by an interstate natural gas pipeline company in Iowa.

14. Chapter 479A compels an interstate natural gas pipeline, prior to initiating certain construction projects in Iowa, to file, for IUB review, land restoration plans for such projects

complying with the agricultural land restoration standards established by Chapter 479A and by IUB administrative rules promulgated thereunder, and to submit to IUB inspection for compliance with such plans.

15. Other provisions of Chapter 479A purport to regulate various other aspects of construction, maintenance, and operational activities of interstate natural gas pipeline companies in Iowa, including but not limited to regulation concerning the type, amount, and manner of payment of damages to landowners and tenants of land affected by such activities and the financial condition of such companies.

16. The IUB is expressly authorized by state statute to adopt administrative rules for the enforcement of Chapter 479A. Iowa Code § 479A.10.

17. Pursuant to such state statutory authority, the IUB has promulgated administrative rules implementing, and providing for the enforcement of, the provisions of Chapter 479A; namely, 199 Ia. Admin. Code ch. 9, entitled "Restoration of Agricultural Lands During and After Pipeline Construction," and 199 Ia. Admin. Code ch. 12, entitled "Interstate Natural Gas Pipelines and Underground Storage" (which among other things requires compliance with 199 Ia. Admin. Code ch. 9).

18. 199 Ia. Admin. Code ch. 12 and 199 Ia. Admin. Code ch. 9 on their face purport to apply to interstate natural gas pipelines and interstate natural gas pipeline companies.

## **CLAIMS FOR RELIEF**

### **Count I – Supremacy Clause (Preemption)**

19. Plaintiffs incorporate and reallege paragraphs 1-18 of this complaint.

4

20. The Natural Gas Act confers on the Federal Energy Regulatory Commission (*"FERC"*) the authority to regulate the construction, extension, and abandonment of interstate pipeline facilities as well as the rates, terms, and conditions for the transportation of natural gas in interstate commerce. 15 U.S.C. §§ 717-717w.

21. The FERC's regulation of interstate pipeline facilities and the transportation of natural gas in interstate commerce is also authorized by other enabling statutes, including but not limited to the Natural Gas Policy Act (15 U.S.C. §§ 3301-3432) and the National Environmental Policy Act (42 U.S.C. §§ 4321-4370a).

22. Pursuant to the Natural Gas Act, the Natural Gas Policy Act, the National Environmental Policy Act, and other enabling federal statutes, the FERC has promulgated administrative regulations applicable to the construction, extension, and abandonment of interstate pipeline facilities and the rates, terms, and conditions for the transportation of natural gas in interstate commerce. *See, e.g.*, 18 C.F.R. Parts 154, 157, 284, 380.

23. Federal pipeline safety statutes formerly known as the Natural Gas Pipeline Safety Act and the Hazardous Liquids Pipeline Safety Act and recodified in 1994 as 49 U.S.C. §§ 60101-60128 authorize the U. S. Department of Transportation (*"USDOT"*) to regulate pipeline safety in connection with the design, construction, inspection, testing, operation, and maintenance of natural gas pipeline facilities.

24. Pursuant to such statutory authority, the USDOT has promulgated federal pipeline safety regulations to ensure safety in the design, construction, inspection, testing, operation, and maintenance of natural gas pipeline facilities. *See, e.g.*, 49 C.F.R. Parts 190-199.

25. The plaintiffs are natural gas pipeline companies whose interstate natural gas pipeline rates and facilities in Iowa are comprehensively regulated by the FERC pursuant to the Natural Gas Act, the Natural Gas Policy Act, the National Environmental Policy Act, other enabling federal statutes, and the implementing regulations promulgated by the FERC, and by the USDOT pursuant to 49 U.S.C. §§ 60101-60128 and the implementing regulations promulgated by the USDOT.

26. Iowa Code ch. 479A and the IUB's administrative rules implementing Chapter 479A, 199 Ia. Admin. Code ch. 12 and 199 Ia. Admin. ch. 9, are preempted by the federal statutes and regulations identified in paragraphs 20-25 of this complaint (specifically including, without limitation, the Natural Gas Act and the FERC regulations promulgated thereunder), and are therefore null and void by reason of the Supremacy Clause of the U. S. Constitution.

27. As the Iowa statutes and regulations at issue violate plaintiffs' rights under federal law, the implementation of the Iowa statute and regulations also violates 42 U.S.C. § 1983.

28. The plaintiffs have no adequate remedy at law.

## Count II – Contract Clause

29. Plaintiffs incorporate and reallege paragraphs 1-28 of this complaint.

30. Iowa Code ch. 479A was first enacted by the Iowa Legislature in 1988 and was subsequently amended in material respects in 1995, 1999, and 2000. 88 Acts, 72 G.A., ch. 1074; 95 Acts, 76 G.A., ch. 192; 99 Acts, 78 G.A., ch. 85; 2000 Acts, 78 G.A., ch. 1080.

31. 199 Ia. Admin. Code ch. 12 was first adopted by the IUB in 1991 and was subsequently amended in material respects in 1997.

32. 199 Ia. Admin. Code ch. 9 was first adopted by the IUB in 1980 and was subsequently amended in material respects in 1991, 1997, and 2001.

33. The plaintiffs have pre-existing agreements and easements with landowners that are impaired by Iowa Code ch. 479A and the IUB's rules implementing, and providing for the enforcement of Chapter 479A; namely, 199 Ia. Admin. Code chs. 9 and 12.

34. Iowa Code ch. 479A and 199 Ia. Admin. Code chs. 9 and 12 are unconstitutional, and therefore null and void, by reason of the Contract Clause of the U.S. Constitution.

35. Inasmuch as the Iowa statutes and regulations at issue violate plaintiffs' rights under federal law, the implementation of the Iowa statute and regulations also violates 42 U.S.C. § 1983.

36. The plaintiffs have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiffs pray that this court:

(A) enter a judgment, pursuant to 28 U.S.C. §§ 2201 and 2202 and 42 U.S.C. § 1983, declaring that Iowa Code ch. 479A, 199 Ia. Admin. Code ch. 12, and 199 Ia. Admin. Code ch. 9 are unconstitutional and null and void as applied to an interstate natural gas pipeline or interstate natural gas pipeline company, including the plaintiffs;

(B) enter permanent prospective injunctive relief enjoining the IUB, its members, agents, servants, employees, and attorneys, and all persons in active concert and participation with the IUB, from taking any action to enforce Iowa Code ch. 479A, 199 Ia. Admin. Code ch. 12, or 199 Ia. Admin. Code ch. 9, or any other provision of state law incorporated by reference therein, or any other orders, rules, or regulations issued pursuant thereto, as against an interstate natural gas pipeline, including the plaintiffs;

(C) grant the plaintiffs their reasonable attorneys' fees and costs under, *inter alia*, 42 U.S.C. § 1988; and

(D) grant the plaintiffs such other and further relief as the court may deem just and proper.

Dated November 12th, 2002.

/s/ Philip E. Stoffregen

PHILIP E. STOFFREGEN
HELEN C. ADAMS
BRET A. DUBLINSKE
OF
DICKINSON, MACKAMAN, TYLER & HAGEN, P.C.
1600 Hub Tower, 699 Walnut Street
Des Moines, Iowa 50309-3986
Telephone: (515) 244-2600
FAX: (515) 246-4550
pstoffre@dickinsonlaw.com
hadams@dickinsonlaw.com
bdublins@dickinsonlaw.com

ATTORNEYS FOR
NORTHERN NATURAL GAS COMPANY
AND NORTHERN BORDER PIPELINE COMPANY

OF COUNSEL:

JAMES R. TALCOTT
Northern Natural Gas Company
1111 South 103rd Street
Omaha, Nebraska 68124-1000
(402) 398-7003
(402) 398-7426 FAX
Jim.talcott@dynegy.com

THOMAS LEHAN
Northern Border Pipeline Company
13710 FNB Parkway
Omaha, Nebraska 68154
(402) 398-7701
(402) 398-7780 FAX
Tom.lehan@nborder.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the document attached to this Certificate was hand delivered to the persons listed below at the addresses indicated on the __12__ day of __November__, 2002.

> Alan Kniep
> David Lynch
> Iowa Utilities Board
> 350 Maple Street
> Des Moines, Iowa 50319

*Kristyn R. Cox*

F:\KTanner\WP\NNG-rmu9910-2nd-amended-dec-complaint.wpd

10